UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY ALFONSO HERRERA,

    Plaintiff,

v.                                  Case No.:  6:22-cv-519-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff Timothy Alphonso Herrera seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for supplemental security income benefits on April 19, 2016, alleging disability beginning October 31, 2014. (Tr. 23, 101, 330-36). The application was denied initially and on reconsideration. (Tr. 101, 114).

Plaintiff requested a hearing and on February 19, 2019, a hearing was held before Administrative Law Judge Maria Mandry. (Tr. 64-89). On March 13, 2019, the ALJ Mandry entered a decision finding Plaintiff not under a disability since April 19, 2016, the date the application was filed. (Tr. 149-57). Plaintiff requested review of the decision, and the Appeals Council granted review and remanded the case to an administrative law judge. (Tr. 164-67).

On remand Administrative Law Judge Jeffrey Ferguson ("ALJ") held another hearing on July 23, 2020. (Tr. 33-63). On April 19, 2021, the ALJ entered a decision finding Plaintiff not under a disability since April 19, 2016, the date the application was filed. (Tr. 15-23). Plaintiff requested review of this decision, but on January 7, 2022, the Appeals Council denied Plaintiff's request. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on March 11, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

**D.  Summary of ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 19, 2016, the application date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical and lumbar spine; depressive disorder; generalized anxiety disorder; and Attention Deficit Hyperactivity Disorder

(ADHD)." (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 416.967(a) except this individual can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. He can frequently stoop and can occasionally balance, kneel, crouch and crawl. He can frequently reach in all directions with his left non-dominant upper extremity and can frequently handle and finger with his left non-dominant upper extremity. He must avoid concentrated exposure to humidity and workplace hazards such as moving machinery, moving mechanical parts and unprotected heights. He will require the use of a cane to ambulate effectively and for balance while standing still. He can understand and remember simple instructions. He can maintain adequate concentration over the course of a normal 8-hour workday to perform simple tasks and can frequently interact with the general public, coworkers and supervisors. He can successfully complete the initial training and probationary period after which he can respond appropriately to infrequent changes in work setting.

(Tr. 19-20).

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 22). At step five, the ALJ found that considering Plaintiff's age (44 on the application date), education (at least high school), work experience, and RFC, there are jobs that

existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 22-23). In Vocational Interrogatories, the vocational expert found that a person with Plaintiff's limitations could perform such occupations as:

    (1)  table worker, DOT 739.687-182,[1] sedentary, SVP 2

    (2)  cutter paster, DOT 249.587-014, sedentary, SVP 2

    (3)  nut sorter, DOT 521.687-086, sedentary, SVP 2

(Tr. 23, 609-12). The ALJ concluded that Plaintiff had not been under a disability since April 19, 2016, the date the application was filed. (Tr. 23).

## II.    Analysis

On appeal, Plaintiff argues that the ALJ failed to comply with the Appeals Council's remand order. (Doc. 20, p. 5). Plaintiff claims that the remand order specifically required the ALJ to ask the vocational expert if the testimony he or she provided conflicted with the information in the DOT and if such conflict existed, the remand order directed the ALJ to obtain a reasonable explanation for the apparent conflict. (Doc. 20, p. 6). Plaintiff asserts that the RFC required the use of a cane to ambulate effectively and for balance while standing still, but the jobs of table worker, cutter paster, and nut sorter, all require the ability to frequently reach and handle. (Doc. 20, p. 7-8). Plaintiff claims there is an apparent conflict between the need for

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

a cane to ambulate effectively and for balance while standing still and the requirement to reach and handle frequently. (Doc. 20, p. 8).

The Commissioner contends that no apparent conflict exists. (Doc. 22, p. 6). The Commissioner argues that sedentary work involves sitting approximately six hours in an eight-hour workday and thus Plaintiff can perform all the reaching and handling while sitting as frequent reaching and handling is 1/3 to 2/3 of the time. (Doc. 22, p. 7-8).

"[T]he ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). An ALJ must ask the vocational expert to identify and explain any conflict between his or her testimony and the DOT. *Id.* at 1363. Additionally, if the ALJ independently discovers an apparent conflict, he or she must ask the vocational expert about it. An apparent conflict is a "conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365. "During or after the hearing, the ALJ is expected to take notice of apparent conflicts, even when they

are not identified by a party, and resolve them." *Id.* at 1363. This is an independent obligation of the hearing examiner. *Id.*

In the RFC, the ALJ limited Plaintiff to frequently reaching in all directions with his left non-dominant upper extremity and frequently handling and fingering with his left non-dominant upper extremity. (Tr. 19). The ALJ also limited Plaintiff to jobs that allowed him to use a cane to ambulate effectively and for balance while standing still. (Tr. 25). The ALJ posed a hypothetical to the vocational expert that contained these limitations and additional ones as well. (Tr. 610). In response, the vocational expert found Plaintiff capable of performing occupations such as table worker, cutter paster, and nut sorter. (Tr. 611).[2] The vocational expert also responded that there were no conflicts between the occupational evidence provided and the occupational information contained in the DOT and or SCO.[3] (Tr. 610).

The occupations listed require frequent reaching and handling. *See* 739.687-182 table worker, DICOT 739.687-182, 1991 WL 680217; 249.587-014 cutter paster, DICOT 249.587-014, 1991 WL 672348; and 521.687-086 nut sorter, DICOT 521.687-086, 1991 WL 674226. These jobs also fall within the sedentary level of work and involve sitting most of the time, but may involve walking or standing for

---

[2] The record does not reflect that Plaintiff filed a response to the Vocational Interrogatories or objected in any manner during the administrative process. (Tr. 609-12).

[3] "SCO" refers to the Selected Characteristics of Occupations, a companion to the DOT.

brief periods. *Id.* Generally, sedentary jobs require only occasional walking and standing. *Id.* "Occasionally" means occurring from very little up to one-third of the time, and "frequently" means occurring one-third to two-thirds of the time. SSR 96-9p, 1996 WL 374185; SSR 83-10, 1983 WL 31251.

Plaintiff argues that by using a cane in one hand while ambulating or standing still, Plaintiff may be precluded from performing these jobs that require frequent reaching and handling. (Doc. 20, p. 9). Plaintiff also argues that an apparent conflict exists between using a cane and his ability to lift, carry, or do manipulative activities while standing or walking, essential elements of these jobs. (Doc. 20, p. 9). But these jobs fall within the sedentary level of work and as such they require standing and walking for only brief periods of time. Sedentary work involves sitting approximately six hours in and eight-hour workday. SSR 83-10, 1983 WL 31251. Thus, the times when Plaintiff is standing or walking while using a cane can coincide with the times that he is unable to reach, lift, carry, or perform manipulative activities. Or stated another way, the times the jobs require Plaintiff to frequently handle and reach can occur while Plaintiff is seated.[4] As a result, there is no apparent

---

[4] Also of note is the testimony of the vocational expert at the July 23, 2020 hearing. (Tr. 60). He testified that for sedentary jobs that consist of "desktop or bench work sort of capacity there, there's no contraindication for the need for a cane, other than what the individual uses on their own time in breaks." (Tr. 60). This testimony reinforces Plaintiff's ability to work these jobs even with the use of a cane.

conflict to resolve and the ALJ fully complied with the Appeals Council's remand order.

Even assuming the ALJ erred in failing to identify and resolve an apparent conflict between the vocational expert's testimony and the DOT, any error is harmless because, as stated above, Plaintiff could perform the frequent reaching and handling portions of the jobs while seated. Courts have applied the harmless error rule to social security cases and "will not remand for further findings where doing so would be a "'wasteful corrective exercise.'" *Pons v. Comm'r of Soc. Sec.*, No. 21-13028, 2022 WL 1214133, at *2 (11th Cir. Apr. 25, 2022) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); (quoting *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. Unit A July 1981)). Substantial evidence supports the ALJ's decision and the ALJ did not err, but if the ALJ erred, the error was harmless.

## III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 2, 2023.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties